**FORM A**

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

**RECEIVED**

NOV 2 9 2016

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

1. Christopher (Bruce) The Living Man
   ID # 78690

2. Elizabeth Bruce
   39125 E 15th, Dm., IA. 50320

(Enter above the **FULL** name and inmate
number of the plaintiff or plaintiffs in this action)

vs.                                    **COMPLAINT**

See Attachment "A"                     No.   4:16-cv-00568-RGE

_____

_____

_____

(Enter above the **FULL** name of each defendant
in this action)

(**NOTE:** If there is more than one plaintiff, the information in parts I and II should be shown for
EACH plaintiff by name, using a separate sheet of paper.

I.      Previous Lawsuits:

        A.      Have you begun other lawsuits in State or Federal Court dealing with the <u>same</u>
                <u>facts</u> involved in this action or otherwise relating to your imprisonment?
                Yes (  )   No (X)

        B.      If your answer to **A** is Yes, please answer questions 1 thru 7. (If there is more than
                one lawsuit, describe the additional lawsuits on another sheet of paper, using the
                same outline.)

                1.      Parties to this previous lawsuit
                        Plaintiffs _____ N/A _____

                        Defendants _____

2.      Court (if Federal Court, name the district; if State Court, name the county)

_____ *N/A* _____

3.      Docket Number _____ *N/A* _____

4.      Name of Judge to whom the case was assigned _____ *N/A* _____

5.      Disposition, if known (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____ *Pending* _____

6.      Approximate date of filing lawsuit _____ *10/17/2016* _____

7.      Approximate date of disposition _____ *N/A* _____

II.     Place of Present Confinement _____ *The Polk County Jail* _____

A.      Is there a prisoner grievance procedure in this institution?
        Yes (✓) No ( )

B.      Did you present the facts relating to your complaint in the state prisoner grievance procedure? Yes (✓) No ( )

C.      If your answer is **Yes**,
        1.      What steps did you take? *Wrote the Chief Jailer and the Sheriff, numerous grievances, hundreds of kites*
        2.      What was the result?
        *Letters returned by Captain Williams, grievances all denied*

D.      If your answer is **No**, explain why not
        *N/A*

E.      If there is no prison grievance procedure in the institution, did you complain to prison authorities? Yes ( ) No ( ) *N/A*

F.      If your answer is **Yes**,
        1.      What steps did you take?
                *N/A*

        2.      What was the result?
                *N/A*

III.    Parties
        (In item **A** below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiff(s), if any.)

A.      Name of Plaintiff *Christopher W. Bruce*

Address _1985 NE 51s1 St, Place_

B.  Additional plaintiffs _Elizabeth Bruce_
_3912 SE 15th St._
_Des Moines, Iowa_

(In item **C** below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item **D** for the names, positions, and places of employment of any additional defendants.)

C.  Defendant _See Attachment "A"_

is employed as _N/A_

at _N/A_

D.  Additional defendants _See Attachment "A"_

IV.  Jurisdiction
This complaint is brought pursuant to 42 U.S.C. § 1983, and jurisdiction is based on 28 U.S.C. § 1343. Plaintiff(s) allege(s) the defendant(s) acted under color of state law with regard to the facts stated in part V of this complaint.

V.  Statement of Claim
(State here as briefly as possible the **FACTS** of your case. You **MUST** state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved (for example, other inmates) and state the date and place of all events. Attach an extra sheet if necessary, and write the heading **PART V CONTINUED** at the top of the sheet. Keep to the facts. Do not give any legal arguments or cite any cases.)

_On July 21st, 2014, Emily Nieman kidnapped my legal daughter, I.B., from her mother, Elizabeth Bruce, utilizing color of State law, and forging the mother's initials and a Judge's signature on a temporary removal form. Ms. Nieman did not read the order to Elizabeth Bruce, defendant, nor_
_(See Attachment "B" for Cont.)_

ID# 78690 N721, 1985 NE 5bt Pl. D.M., IA 50313-2517

VI.   (State briefly <u>exactly what you want the Court to do for you</u>.  Make no legal arguments.
      **Do not cite cases or statutes**.)

      See Attachment "C"

VII.  Statement Regarding Assistance in Preparing this Complaint

      A.   Did any person other than a named plaintiff in this action assist you in preparing
           this complaint?  **Yes** ( )  **No** (x)

      B.   If your answer is **Yes** name the person who assisted you.

      C.   Signature of person who helped prepare complaint.

           (Signature) _____ N/A _____ (Date) _____

VIII. Signature(s) of Plaintiff(s)

      Signed the __20th__ day of __November__, 20 _16_.

      (Signature of Plaintiff) _____ T.R.W. _____

      Signatures of additional plaintiffs, if any:

                 Elizabeth Bruce.

      _____

      _____

      _____

**ATTACHMENT A, Plaintiffs and Defendants**

*Plaintiffs*

Christopher (Bruce) The Living Man
Elizabeth Bruce

*Defendants*

Emily Nieman, SW4, Child Protective Services Division, Iowa Department of Human Services
Katie Gosch, Caseworker, Child Protective Services Division, Iowa Department of Human Services
Stephanie Rhinehart, Supervisor, Child Protective Services Division, Iowa Department of Human Services
Charles Palmer, Director, Iowa Department of Human Services
Ashley Andrews, Visit Supervisor, Children and Families of Iowa, Des Moines, Iowa
Judge William A. Price, District 5C, Polk County, Iowa
Judge Robert Blink, District 5C, Polk County, Iowa
Judge William Kelly, District 5C, Polk County, Iowa
Judge Carol S. Egly, District 5C, Polk County, Iowa
Magistrate Anastasia Hurn, District 5C, Polk County, Iowa
John P. Sarcone, County Attorney, Polk County, Iowa
Kevin J. Brownell, Asst. Polk County Attorney, Polk County, Iowa
Linda Lane, Asst. Polk County Attorney, Polk County, Iowa
Kevin Bell, Asst. Polk County Attorney, Polk County, Iowa
Stephanie Brown, Asst. Polk County Attorney, Polk County, Iowa
Anthony Reed, J.C.O., Eldora, Iowa
Dale Mays, Attorney, Benzoni Law Firm, Des Moines, Iowa
Paul White, G.A.L., Des Moines Iowa (Practice Unknown)
Randy Osborn, Clerk of Court, Polk County, Iowa
Detective Jake Lancaster, Des Moines Police Department, Des Moines, Iowa
Tom Miller, Attorney General, State of Iowa
Grant Dugdale, Asst. Attorney General, State of Iowa
Katherine Miller-Todd, Asst. Attorney General, State of Iowa
Katherine (Beth) Walker, Attorney, Walker Law Firm, Newton, Iowa

**ATTACHMENT B, Section V. of Complaint, Continued**

did she perform any steps to prevent or eliminate the need for removal of the biological property. She placed the mother under legal duress to sign the removal document, then presented the mother as having no Indian heritage, even though the mother said she did, depriving her of possible tribal intervention for 6 months, when the plaintiffs discovered what the significance of having Indian Heritage meant to our case, and demanded intervention, very nearly at the very end of the case.

In February of 2015, Ms. Nieman filed a false report to Detective Jake Lancaster of the Des Moines Police Department (it will be shown that the Detective had full knowledge that the report was indeed a false report, and that he conspired with the Department of Human Services workers to have him arrested, so that he would miss his termination of parental rights hearing out of fear, and subsequently depriving him of legal standing to appeal the termination, pursuant to Iowa law) stating that the plaintiff, Christopher Bruce, had threatened the life of Ms. Nieman. The transcripts of these calls (which threatened nothing more than the loss of Ms. Nieman's job) had been filed almost two months previously in the Juvenile cases against the plaintiffs, and no reports nor arrests were made at that time concerning them. The false reports were filed 11 days before the plaintiffs were to appear at their hearing for termination of parental rights.

Ms. Nieman conspired against the civil rights of the defendants throughout the Juvenile cases against the plaintiffs, the subsequent Child Protective Assessment Appeal (defended by the Attorney General's Office, Asst. AG Grant Dugdale), with the Polk County Attorney's Offices (John P. Sarcone and Stephanie Brown, then Kevin Bell, in the harassment case brought prior to the termination hearing), with Detective Jake Lancaster of the Des Moines Police Department to file false charges against the plaintiff, Christopher Bruce, and primarily against both plaintiffs with Judge William A. Price, causing the plaintiffs the rights of their biological property, T.B. Ms. Nieman also defamed the good names of the plaintiffs via the avenues of libel and slander, and by filing false charges against Christopher Bruce.

From July 22nd, 2014 until February 28th, 2015, Caseworker Katie Gosch with the Iowa Department of Human Services division (CPS) did conspire with Emily Nieman, Stephanie Rhinehart (her supervisor), Ashley Andrews (Visit Supervisor for Children and families of Iowa), Stephanie Brown, Kevin Brownell, Kevin Bell, John P. Sarcone (Polk County Attorney's Offices), Detective Jake Lancaster of the D.M.P.D. and Judge William A. Price to deprive the Plaintiffs, Christopher and Elizabeth Bruce, of their rights of free speech (by depriving them of their visits because they chose to publish documents and events of what the Department of Human Services was doing to them), depriving them of their right to parent their child, T.B. (by conspiring to have them miss their termination hearing by filing false charges against Christopher Bruce via Jake Lancaster), depriving them of their civil and due process rights (by depriving them of their inherent right to parent), slandered and libeled the defendants and defamed their good names (by conspiring with Defendant Anthony Reed to falsify their drug testing results, and deeming them in need of mental and drug assessments and treatment, and conspiring to falsify visit results with Children and families VS Ashley Andrews to make them look like bad parents), and finally, costing them their biological and legal property, T.B. (by conspiring with the Polk County Attorney's offices, Judge William A. Price, and Katherine (Beth) Walker, and the Attorney General's Offices).

Stephanie Rhinehart, Supervisor for The Department of Human Services did withhold visits from plaintiff Christopher Bruce on the grounds * that the department "didn't care for what you're writing about in your blog", then rescinded the reasonable effort of "transportation assistance" because the plaintiff refused to engage in unneeded drug and mental health treatments. Later, Ms. Rhinehart conspired with Ashley Andrews and detective Morriss of the Des Moines Police Dept. to have plaintiff Bruce arrested unsuccessfully for harassment in September of 2014. Plaintiff had recorded interactions mentioned in DHS's report, and the arrest was dropped. In December of 2014, Mr. Bruce acceded to the demands of the courts and DHS in an attempt to rid the plaintiffs of their TPR, and in response to his good will, Ms. Rhinehart conspired with Katie Gosch, Judge Price and Anthony Reed to falsify drug testing results for the 2nd time on both plaintiffs. The plaintiffs caught this attempt red-handed, and submitted evidence of this deception to the court. The court did not submit this evidence when presented, then threw it out by dismissing Mr. Bruce from the case (and, subsequently, all his evidence and motions) in order to evade these criminal actions. Mrs. Rhinehart would then orchestrate the termination of the plaintiffs' parental rights by conspiring with all of the persons aforementioned, in February, 2015.

Charles Palmer, director of The Department of Human Services, did receive a communication about the plaintiffs' case from Senator Grassley's offices. Mr. Palmer then, with no more than a phone

-2-

call to Stephanie Rhinehart, wrote a letter concerning the department's view of the case, utilizing only facts given him by the department. In response, the plaintiffs sent a personal copy of Emily Nieman removing our child (a DVD recording, submitted to this case), and an 11 page letter in rebuke of Mr. Palmer's letter to us. No action was given or taken following the PERSONAL delivery of these to Mr. Palmer. Later, following the Termination of the Plaintiff's TPR, an Assessment appeal was held, and ruled IN FAVOR of the plaintiffs. The AG's office appealed it up to Charles Palmer himself, and he upheld the ALT's decision in our favor. Our records were expunged, all allegations were dismissed, we were taken off the abuse registry, but OUR rights were NEVER restored, and we have not seen our daughter since November of 2014.

Ashley Andrews, a visit supervisor for Children and Families of Iowa, did perjure herself on the stand in the plaintiff's hearings, then slandered and libeled the defendants in her reports of the plaintiffs few visits. The plaintiffs asked for an unbiased supervisor replacement, and were denied one. Finally, because they wouldn't stop falsifying their reports and slandering Mrs. Bruce (Mr. Bruce's visits were cut off because he published what the department's were doing), Mrs. Bruce stopped attending her visits as well, in protest. Mrs. Andrews conspired with her Supervisor, Caseworker Katie Gosch and her Supervisor Stephanie Rhinehart and Greg Morris (Detective w/ the D.M.P.D.) to attempt an arrest of Mr. Bruce for harrassment, then later

-3-

conspired with the aforementioned (excluding Greg Morris) to cause the permanent removal of the plaintiff's biological and legal property, by continuing to defame the plaintiffs in her reports and in court on the stand.

Judge William A. Price first authorized the OBVIOUS forgery of the temporary removal form of Ms. Niemans, by Ms. Nieman. He would then falsify facts in the removal hearing, in concert with Ms. Nieman and the Department of Human Services, and John P. Sarcone and Stephanie Brown of the Polk County Attorney's offices, and ruled in favor of the Department. Later, in the adjudication hearing, Judge Price would deny Mr. Bruce due process by not allowing him to cross-examine witnesses. In a pair of motions hearings held on December 11th and 18th, 2014, Judge price would would deny correction of false reporting on the record of the court (fraud upon the court), and conspired with the department of Human Services on the 18th to falsify drug testing of the plaintiffs when they decided to comply with the courts and D.H.S. Later, at the Permanancy Hearing for T.B. (January 15th, 2015) when Mr. Bruce had so much evidence filed contrary to the County Attorney's allegations, Judge Price conspired with Asst. Cty. Atty. Kevin Brownell to dismiss the plaintiff from the case at the onset of the hearing, in order to not only get rid of Mr. Bruce, but also all of his evidence (the falsified drug testing evidence was IRREPLACEABLE) and his motions to the court as well, because it would have

-4-

all, together, destroyed the court's case against the plaintiffs. Even though Judge Price dismissed Christopher in the first 5 minutes of the hearing, he would claim in his order that the plaintiffs abandoned the hearing and the ten plus motions they had worked hard on. The plaintiff Elizabeth Bruce then asked Price to recuse himself for the 2nd time in the case, and Judge Price refused. Then after both defendants left (what more could they have done?), Judge Price had the Polk County Sheriff drag the plaintiff Elizabeth Bruce back to the courtroom because he wanted to address the only motion that could hurt him, the motion to request tribal intervention. Judge Price had conspired with Beth Walker, attorney, to give permanancy to the biological father, Ronald Shaver, a man who had sex with my wife once when we were separated, and who wanted nothing to do with Ms. Bruce until DHS hunted him down to do a paternity test, and told him our child was biologically his. Even though Judge Price had the legal father removed from the CINA case because he had no right to be in that case because he wasn't the biological father, Judge Price left him as a party to the TPR case so that he could terminate the rights he said he didn't have in the CINA case. Both plaintiffs' parental rights were terminated on February 28th, 2015, both plaintiffs were scared to attend because of the warrant falsely put out for Mr. Bruce's arrest by the D.M.P.D. and Detective Jake Lancaster. Judge Price would, later, in March of 2016 (while the plaintiff, Mr. Bruce, was

-5-

incarcerated) conspire with those of the Appellate court (where
our appeal had been sitting for a year) to cover Judge Price's
illegal actions by demanding that the plaintiffs pay $900 for
court transcripts in 14 days, or they would not address the
hearings that occured prior to the Termination (the State of Iowa
would only pay for the indigent parents' transcripts for the
Termination Hearing, which only cost $42; yet $900 was
quoted for the 6 other hearings, and three of those didn't
last more than 15-30 minutes). The plaintiffs, who weren't
expecting this, weren't able to raise this kind of cash in 14 days,
and lost the case. Tribal intervention was brought up in the
appeal; but STILL has not been resolved, even up to 7 months
later, yet the appellate court refuses to accept or consider
new evidence (our answer to their decision and the
recording of Emily Nieman illegally removing our daughter).
The Supreme Court also refused to stay termination three times,
even in the face of Charles Palmer, the director of DHS, ruling
in our favor in the twice-appealed assessment! All of these
actions against us in the appellate courts are an obvious
cover-up for all of Judge Price's criminal activities, as well
as those of all other high ranking officials involved in
kidnapping and selling off our daughter to the "biological
father" and his attorney!

Later still, Judge Price would preside over the defendant
again, vicariously through his "trainee" magistrate, Alexandria
Huru. Judge Price was present when the plaintiff, Mr. Bruce,

was brought before Magistrate Huru in March of 2016, and, upon his departure, said to her "You got this... piece of cake." Mr. Bruce had been deprived of a jury trial by Magistrate Huru and Carol Egly, even though the plaintiff asked for one several times; on the record and in writing prior to the trial, in a more than timely period. The plaintiff was, of course, found guilty.

Judge Price would, later, in August (17th), 2016, on the day of plaintiff Christopher Bruce's arraignment on three misdemeanor charges, place three $500 cash only bonds, the only stated reason for this being that the plaintiff had a "criminal history." Thanks to the illegal arrests of the plaintiff three times prior to this, the defendant has ALWAYS had a "criminal history", yet has never before been charged cash only bonds, has ALWAYS attended court appearances, and has NEVER skipped bond. Judge Price was, immediately, asked to recuse and disqualify himself from presiding over further hearings involving Mr. Bruce, due to his OBVIOUS bias, but, not unlike our juvenile proceedings, denied this, as well as denied the plaintiff a rightful recusal hearing on the record. Judge Price abuses his judicial authority, makes up rules and laws as he goes, and has criminally conspired with countless officials to keep our daughter out of our care and to embezzle federal funding for the State of Iowa.

- 7 -

Judge Robert Blink, District 5C, did conspire with the Department of Human Services undercover employees Jeanne Munson and Mark Worthington and Linda Lane of the County Attorney's office to place Mr. Bruce in jail for nine years. They instead would opt to place Mr. Bruce on 2 years probation with a beginning violation period of 90 days in jail. This, of course, was an effort to place a leash on Mr. Bruce, and was set up for immediate failure.

Mr. Bruce, between January 20th and April 16th, 2016, would file 210+ pieces of evidence against the criminal elected officials who had conspired to silence the plaintiff (who was exposing the crimes of Iowa DHS and criminal elected officials in his online blog and via e-mail). Mr. Bruce, two months prior to the April 11th trial date, subpoenaed 40 witnesses, 29 of those were elected officials, all involved in this conspiracy. On April 8th, the FRIDAY before the MONDAY trial, Judge Blink threw out 200 pieces of evidence as "irrelevant", and dismissed all 29 elected officials from testifying by quashing the subpoenas, supposedly for "undue burden." Mr. Bruce, of course, deprived of his remaining witnesses and discouraged from testifying, lost his case. Two days prior to the jury going into deliberations, Linda Lane and John P. Sarcone fed libelous information to Grant Rogers of The Des Moines Register, who, one day before jury deliberations, printed a 2 part, 2 page article presenting Mr. Bruce as "Anti-Government", a "murderous sovereign citizen" and finally, a "Domestic Terrorist." A request for a new trial

due to an Obvious mistrial (the tainting of the jury via the media) was never filed by the court or addressed. An appeal was also requested of my "stand by" attorney, and was also never filed or addressed. The plaintiff was conveniently incarcerated during the period possible for appeal (45 days) and had no way of knowing the appeal was not filed. Mark Worthington, a key witness against the plaintiff Mr. Bruce, was shown, via evidence, to be harassing and stalking Mr. Bruce in the face of a promised No Contact Order, but the order was then belayed by Judge Blink, and Mark was never arrested or even charged. This further went towards Mark Worthington and Jeanne Munson as being paid conspirators against Mr. Bruce.

Judge William Kelly, District 5C, would bring the plaintiff, Mr. Bruce, in front of him in February 2016, and tell Mr. Bruce, on the record of the court, that he would recieve NO pro se rights as an incarcerated inmate, and told the plaintiff that he would have to be appointed a "stand-by" attorney, or simply be out of luck. Denied his pro se rights by Judge Kelly, the plaintiff was forced to accept this.

Judge Carol S. Egly, District 5C, did provide the plaintiff with false jurisdictional power to preside over the plaintiff (she claimed "State" jurisdiction. Judge Blink would later claim "subject matter" jurisdiction). Judge Egly did not address the plaintiffs challenge of her jurisdiction for nearly 3 weeks after his arrest. While claiming jurisdiction on the record, Ms. Egly

-9-

made statement of the Plaintiff, Mr. Bruce, having a NON-jury trial. The Plaintiff, by this time had inserted a request for a jury trial in the 3 of 4 cases they had going for the plaintiff at that time, asking for a jury trial in ALL the cases. Upon consolidation of 2 or 3 cases for FECR292312, the request for a jury trial in the unconsolidated cases was never transferred. The courts then disregarded that request (made within 10 days of the initial appearance) and placed a motion produced by THEM to look like mine (which in no way did), requesting a NON-jury trial, then changed the record of the court to show "the plaintiff asked specifically for a NON-jury trial." The plaintiff then filed a motion to correct that record, and it was never addressed. Judge Carol S Egly refused to address a challenge of Jurisdiction, then falsified official documents filed by the plaintiff, then altered the record of the court to cheat the plaintiff out of a jury trial.

Magistrate Anastasia Hurn conspired with Judges Egly and Price to, first, cheat the defendant of a jury trial, in order to win out. This is a blatant deprivation of due process.

John P. Sarcone, as the signer of just about every legal document in all seven of my cases (JVJV037203, JVJV038150, SC15-0559, AGCR283733, SMAC359086, FECR292312 and SMAC363417) and as the head of the office responsible for these actions against the plaintiffs. Utilizing, "first Stephanie Brown as a "DHS advocate", John Sarcone brought false allegations against the plaintiffs in a CINA petition, IN RE T.B. (2014). Stephanie

Brown would doctor documents showing the plaintiffs signed
receipts stating they received the CINA document. John
P. Sarcone conspired with Stephanie Brown, Kevin J. Brownell,
Dale Ways, Judge Price, The Department of Human Services
Emily Nieman, Katie Gosch and Stephanie Rhinehart; Anthony Reed,
and GAL Paul White to deprive the parents (plaintiffs) of T.B.,
their rightful biological and legal property. Then, later, around
February of 2015, John P Sarcone and his assistant Kevin Bell
would conspire with The D.H.S. and Detective Jake Lancaster
to have Christopher arrested, to keep him and his wife (who now
lived in Carroll, Iowa) from attending their termination of parental
rights hearing. ——— Mr. Lancaster wasn't able to locate the
plaintiffs, so John Sarcone scoured the Plaintiff, Mr. Bruc's blog
for one sentence that he could present as a possible threat to the
President of the United States, and called in the Secret Service to
find Mr Bruc and arrest him (the case was, of course, dismissed
five minutes into the Secret Service interview). After the results of
the Plaintiffs assessment appeals in THEIR favor, John P. Sarcone
did contact over 10 offices of the FBI within a 300 mile radius
to open a case on Mr. Bruc. They have connected to my
computer (and have been since June 2015), go through my
emails, and spy on me on Facebook and hack my accounts.
Yet no charges have ever been brought against Mr. Bruc (because
he has not broken any laws). When an FBI location gives up,
Mr. Sarcone calls and involves another location (I have a program
that tells me the location of the offices going through my mail,
how often, and when). In December of 2015, John Sarcone's

- 14 -

office conspired with Darren Tromblay of Citiview Magazine in Des Moines to have the Plaintiff, Mr. Bruce, arrested for harassment. Mr. Bruce had a written contract to do his story. When Mr. Tromblay was contacted by Mr. Bruce two months later to find out why Darren wasn't abiding by his agreement, John Sarcone filed charges and had Mr. Bruce arrested. After the plaintiff bailed out, he exposed criminal activity of DHS in Carroll County. Mr. Sarcone then conspired with DHS in Polk County and the Carroll City police to have Mr. Bruce arrested just 4 days later, on the charge of Harrassment in the 1st degree, involving private agents for DHS, Jeanne Munson and Mark Worthington. On the day of Mr. Bruce's arrest on January 26th, 2016, while Mr. Bruce was in transit from Carroll, IA, John P. Sarcone had the Altoona Police Dept. (who filed the original charge) file two more reports, for stalking and a class D felony, Threats, and charges were filed in the same hour. The plaintiff's bail went from $1,000 up to $70,000 in the time it took him to get to Polk County. John Sarcone would assign Asst. Polk County Attorny Linda Lane to prosecute the plaintiff in the CityView case, the felony case, and the subsequent misdemeanor case. John P. Sarcone's office would then conspire with Linda Lane, Judge Brink and Magistrate Hurn to cheat and lock up the defendant for a year and more.

Mr. Sarcone has been at the base of every case against the plaintiffs, and at the root of every problem in their lives over the last three years, because the plaintiff, Christopher Bruce,

-12-

has been exposing the criminal actions of John Sarcone and his offices, and all who conspire with him against the plaintiffs, since July of 2014.

Kevin Brownell took the place of Stephanie Brown after the adjudication of T.B. as CINA, in the plaintiffs' juvenile cases and in the Supreme Court appeal. Mr. Brownell has maliciously prosecuted the plaintiffs, and has been primarily responsible for depriving the plaintiffs of their parental rights and their biological property, T.B.

Linda Lane, Asst. Polk County Atty, has maliciously prosecuted Mr. Bruce in three separate criminal cases. She conspired with John P. Sarcone, Magistrate Anastasia Hurn, Judge Blink, The Department of Human Services, Judge Kelly, and Judge Egly to deprive Mr. Bruce of his pro se rights, his civil rights, his constitutional rights and his freedom.

Kevin Bell, Polk Cty Atty's Asst, did conspire against the plaintiff with John Sarcone, Jake Lancaster, Judge Price and the Department of Human Services to have Mr. Bruce arrested so he would miss his Termination of Parental rights hearing. Mr. Bell never had proof of first degree harassment, so dropped the charges a few days before trial.

Stephanie Brown, Asst Polk County Attorney, did maliciously prosecute and bring proven false allegations against the

-13-

plaintiffs in their CINA case. Ms. Brown defamed, slandered and libeled the plaintiffs, and instigated the proceedings that would eventually deprive the plaintiffs of their legal and biological property.

Anthony Reed, a Juvenile Court Officer who runs 10 statewide drug testing centers in Iowa (approximately) including Des Moines, did conspire with Judge Price, Katie Gosch, Stephanie Brown, Kevin Brownell and Stephanie Rinehart to falsely accuse the plaintiffs of being dirty for Meth amphetimines And amphetimines, drugs the plaintiffs have NOT done, ever. Evidence showing his crimes was filed in our case, then disposed after the Permanency hearing on January 15th, 2015, after Mr. Bruce was dismissed from the case. Mr. Reed has slandered and libeled the plaintiffs in several hearings, and perjured his testimony in the plaintiffs' Child Protective Appeal, held in May, 2015, in front of the ALT. He is guilty of fabifying drug testing results and, because of this, eventually brought/about the loss of the parents (plaintiffs) parental rights, because they refused to engage in drug treatment services.

Dale Ways, public defender of Plaintiff Elizabeth Bruce, did conspire with Judge Price to have Elizabeth Bruce fill out a 2nd financial affidavit (after the courts had already ruled her to be indigent) in order to change her for attorney fees (because she had just began work at $7.85/hr for 20 hrs a week, after being manditorily laid off for 6 weeks because of her pregnancy, and

-14-

was staying at a homeless shelter with no expenses, as Judge
Price, Dale ways, Kevin Brownell and those of the department
of Human Services knew FULL WELL she was). Mr. Mays was
then asked to withdraw. In his motion to fulfill our request,
Mr. Mays presented false and fabricated reasons that put the
plaintiffs in the worst possible light. The plaintiffs motioned
to have the record (and the motion) corrected, but Judge Price
dismissed Mr. Mays first to declare the 2nd motion to correct
moot. Mr. Mays conspired with Judge Price, Paul White, Kevin Brownell
and Stephanie Brown and those of the Department of Human
Services to present Ms. Bruce with the worst possible defense in
all hearings in which he was involved in, to cause Ms. Bruce the
loss of her biological property and emotional distress.

Paul White, GAL for T.B., the plaintiff Elizabeth Bruce's biological
property, did little to nothing for his client, T.B., but to
conspire to deprive the plaintiff Ms. Bruce of her property.

Randy Osborn, Clerk of Court for District 5C, Polk County, did
conspire with good friend Judge Price to deprive Mr. Bruce of his
pro se rights in his juvenile cases for almost 2 months, by cutting
off his ability to see what the prosecution was filing via e-file.
Mr. Osborn has also SOLELY, in person, denied the plaintiffs
recordings of the hearings, and refused to sign documents
stating this; essentially denying the plaintiffs their due process.

Detective Jodie Lancaster of the Des Moines Police Dept., did

conspire with Emily Nieman, Katie Gosch and Stephanie Rhinehart of the Department of Human Services and John P Sarcone and Kevin Bell of the County Attorneys of Polk County, to bring false charges of harassment against plaintiff Christopher Bruce on February 17th 2015 (for supposed crimes that had occured 2½ months earlier) in order to scare the defendants from attending their Termination of parental rights hearing on Feb. 28th, 2015. Mr. Lancaster published the plaintiff's picture on The Metro's Most Wanted's website as the #1 wanted criminal (for 1st degree harassment, ahead of felons and murderers) for 4 weeks, and on the D.M.P.D. website on Facebook, in Cityview Magazine and on WHO-TV 13, also for 4 weeks. He continually called and harassed the plaintiff, and filed these charges with no proof and no minutes of testimony. Finally, he and Kevin Bell and John Sarcone conspired to arrest the Plaintiff in Carroll, Iowa, utilizing the Secret Service to do it.

Tom Miller, the Attorney General, maliciously prosecuted the plaintiffs Mr./Mrs. Bruce in their Child Protective assessment appeal, and in their Supreme Court appeal, utilizing defendants Grant Dugdale in the assessment appeals, and Katherine Miller-todd, his Asst. Atty Generals, causing the plaintiffs great expense, emotional distress, and the loss of their legal and biological property, T.B., as well as their parental rights.

Katherine (Beth) Walker, the paid attorney for Ronald Shaves, the "biological father" (absent in every respect until DHS hunted him down) was informed in full about everything the courts

had been doing to the plaintiffs, long before permanancy was decided in favor of Mr. Shaver, who would receive FULL custody of the Plaintiffs rightful property. She then conspired with DHS, Paul White, Kevin Brownell and Judge Price to win T.B. for her client, Ronald Shaver. This was based on the fact that Mr. Shaver had accepted "services" (a paternity test and a drug test; 2 services the plaintiffs had ALSO done willingly). Mrs. Walker did knowingly conspire against the plaintiffs and cost them T.B., their biological and legal property, and did cause them undue emotional distress.

In conclusion, the plaintiffs have unduly suffered much at the hands of Polk County, and Pray for relief from the U.S. District Court, Post Haste.

T.a.M.
Christopher (Bruce) The Living Man
Plaintiff

Elizabeth Bruce
Elizabeth Bruce, Plaintiff

For more information and court documents of all juvenile and criminal cases, see: America's Deadly Sins at:

http://themightyswordamericasdeadlysins.blogspot.com

Attachment "C" (Relief)

Relief requested per defendant is as follows:

For Emily Nieman, the plaintiffs ask for the maximum sentence allowed by law, and restitution to the plaintiff Elizabeth Bruce in the amount of $100,000 for causing the loss of her biological property, and restitution in the amount of $50,000 to Christopher Bruce for damage to his character, slander and libel, and defamation.

For Katie Gosch, the plaintiffs ask for the maximum sentence allowed by law, and restitution to the plaintiff Elizabeth Bruce in the amount of $100,000 for causing the loss of Elizabeth Bruce's biological property, her parental rights and for defamation, libel and slander of her character and emotional distress; and for plaintiff Christopher Bruce $50,000 for damage to his character, slander and libel, and defamation.

For Stephanie Runnelvett, Supervisor for the Iowa Department of Human Services, the plaintiffs ask, for plaintiff + Elizabeth Bruce, restitution in the amount of $100,000 for causing the loss of Mrs. Bruce her biological property, her parental rights and for defamation, libel and slander to her character, and emotional distress. For plaintiff Christopher Bruce, $50,000 for damage to his character, deprivation of his right of free speech, slander and libel. The plaintiff also ask for the maximum possible sentence.

( 17 )

For defendant Ashley Andrews, the plaintiffs ask for $25,000 in restitution for pain and suffering, and maximum penalty allowed for assisting in the loss of the defendant's biological property due to defamation of character, slander, libel, and perjury on the stand.

For judge William A. Price, the plaintiffs ask for restitution of $250,000 and the maximum allowable criminal penalty, for depriving the plaintiffs of their biological property and abuse of power.

For defendant Robert Blink, Christopher Bruce, plaintiff, asks for the maximum allowable penalty and restitution in the amount of $100,000 for violating and depriving him of his due process, civil rights and his freedom.

From defendant William Kelly, the plaintiff asks for $10,000 for the deprivation of plaintiff Christopher Bruce's due process, pro se & civil rights.

From Judge Carol S. Egly, defendant, plaintiff Christopher Bruce asks for restitution in the amount of $20,000 for the deprivation of Christopher Bruce's due process and civil rights, and the maximum allowable penalty allowed for fraud and forgery.

For Magistrate Anastasia Huru, the plaintiff asks for restitution in the amount of $30,000 for deprivation of the defendants civil and due process rights and his freedom.

For defendant John P. Sarcone, the plaintiffs request restitution in the amount of $500,000 for plaintiff Christopher Bruce, for the deprivation of his civil and due process rights, and for malicious prosecution and causing the plaintiff the loss of his freedom. For Elizabeth Bruce, the plaintiff asks for restitution in the amount of $500,000; for causing the permanent removal of her biological property, for conspiring to libel and slander and defame her character; and for causing her great emotional distress throughout all seven cases. The defendants also ask for the maximum allowable penalty.

From defendant Kevin J. Brownell, Asst. Polk Cty Atty, the defendants ask for the maximum allowable penalty, and restitution in the amount of $100,000 to plaintiff Elizabeth Bruce for causing the loss of her biological property, and for emotional distress. For Christopher Bruce, the plaintiff asks for restitution in the amount of $50,000 for the same reasons.

From defendant Linda Lane, Asst. Polk County Atty., the plaintiff, Christopher Bruce, asks for the maximum penalty allowed, and restitution in the amount of $100,000 for malicious prosecution, and conspiring to libel and slander the defendant in order to win out against me in her cases.

From defendant Kevin Bell, the Plaintiff Christopher Bruce requests the maximum allowable penalty and restitution in the amount of $50,000 for filing false charges, malicious prosecution and libel and slander of the plaintiff.

3

From defendant Stephanie Brown, the plaintiffs request the maximum allowable penalty. For Elizabeth Bruce, the Plaintiffs ask for $75,000 in restitution for conspiring to take the plaintiffs biological property, and for emotional distress, malicious prosecution, and defamation of the plaintiff. For Christopher Bruce the plaintiff asks for $25,000 in damages, for the same reasons.

From defendant Anthony Reed, the plaintiffs ask for the maximum allowable penalty, and restitution in the amount of $50,000 per plaintiff.

For defendant Dale Mays, the Plaintiff Elizabeth Bruce asks for $50,000 in restitution for inneffective council, and for conspiring to cost her, her biological property and emotional distress.

From defendant Paul White, G.A.L., the Plaintiffs ask for the maximum allowable penalty, and the Plaintiff Elizabeth Bruce asks for restitution in the amount of $100,000 for conspiring to cost her, her biological property, emotional distress and inneffective council for T.B.

From Defendant Randy Osborn, the plaintiff Elizabeth Bruce asks for restitution in the amount of $25,000, for deprivation of civil and due process rights.

From Jake Lancaster of the D.M.P.D, the plaintiffs ask for the maximum allowable penalty. The Plaintiff Christopher Bruce

restitution of $50,000 for emotional distress and for inneffective investigation of the actions of his employees.

Finally, the plaintiffs request that the decisions of the district court and the Iowa Supreme Court in all decisions, orders and appeals be overturned upon review, and that the plaintiff Christopher Bruce have his record expunged of all criminal charges implemented in all criminal cases since March, 2015 up until the present day. The plaintiffs also ask that, since all possible state remedies have been exhausted concerning the termination of the parental rights of the plaintiffs, the plaintiffs pray the U.S. district court investigate this matter, overturn these illegal decisions, restore our parental rights and arrange a mutual visitation schedule between the biological mother, Elizabeth Bruce, and the biological father, Ronald Shaver.

C. B. M.
Christopher (Bruce) The Living Way
Plaintiff

Elizabeth Bruce
Elizabeth Bruce
Plaintiff

For more detailed information and ALL court documents in all Juvenile cases (JVJV237203, JVJV238150, and Supreme Court case 15-0559) please see:

www.themightyswordamericasdeadlysins.blogspot.com

requests relief and restitution in the amount of $50,000 for malicious prosecution, and conspiring to defame the plaintiff and for filing false charges.

From the defendant Tom Miller, the plaintiffs request $100,000 for malicious prosecution of the plaintiffs and conspiring with the department of Human Services and the Iowa Supreme Court to cost the plaintiffs to lose T.B., their legal and biological property.

For the defendant Grant Dugdale, the plaintiffs request relief in the amount of $50,000, for malicious prosecution, and ask for the maximum penalty allowed.

For the defendant Katherine Miller-Todd, the defendants request the maximum allowable penalty, and request restitution in the amount of $100,000 for malicious prosecution, delay of justice, and conspiring with the Iowa Supreme Court to cost the plaintiffs their right to parent and their biological property, T.B.

For Katherine (Beth) Walker, defendant, the plaintiffs ask for the maximum allowable penalty, and restitution in the amount of $100,000 for interference with justice, and conspiring with Judge Price, Paul White, Dale Mays and Katie Gosch to cause the loss of their rightful legal and biological property.

For the defendant Charles Palmer, the plaintiffs request

-5-

*Attachment D*

**Account Activity Ledger**

**From: 05/15/2016 To: 11/15/2016**

Time : 14:31

| Comment | Trx Date | Time | Batch /Inv # | Trx # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|---|
| **ID** 78690 | **Name** BRUCE, CHRISTOPHER | | | **Block** N721 | | | **Previous Balance** | | 0.23 |
| SmartDep. elizabeth | 05/15/2016 | 19:45 | B#311791 | 908681 | D | | 20.00 | | 20.23 |
| Sales Transaction | 05/15/2016 | 20:13 | I#540887 | | I | 11.00 | | | 9.23 |
| Sales Transaction | 05/16/2016 | 05:37 | I#540966 | | I | 4.00 | | | 5.23 |
| Sales Transaction | 05/17/2016 | 05:43 | I#541414 | | I | 5.00 | | | 0.23 |
| Sales Transaction | 05/19/2016 | 14:25 | I#542641 | | C | -4.66 | | | 4.89 |
| Sales Transaction | 05/19/2016 | 16:34 | I#542708 | | I | 4.00 | | | 0.89 |
| NURSE VISIT 5/18/16 | 05/20/2016 | 12:05 | B#313315 | 912668 | W | | | -0.89 | 0.00 |
| SmartDep. elizabeth | 05/27/2016 | 05:07 | B#315361 | 917859 | D | | 100.00 | | 100.00 |
| NURSE VISIT 5/18/16 | 05/27/2016 | 05:07 | B#315361 | 917860 | W | | | -4.11 | 95.89 |
| RX X2 5/18/16 | 05/27/2016 | 05:07 | B#315361 | 917862 | W | | | -10.00 | 85.89 |
| Sales Transaction | 05/27/2016 | 06:13 | I#547314 | | I | 15.00 | | | 70.89 |
| Sales Transaction | 05/27/2016 | 08:12 | I#547872 | | I | 47.22 | | | 23.67 |
| Sales Transaction | 05/27/2016 | 12:07 | I#548148 | | I | 23.64 | | | 0.03 |
| SmartDep. elizabeth | 05/28/2016 | 12:07 | B#315676 | 918671 | D | | 40.00 | | 40.03 |
| Sales Transaction | 05/28/2016 | 12:19 | I#548714 | | I | 15.00 | | | 25.03 |
| Sales Transaction | 05/28/2016 | 13:03 | I#548743 | | I | 5.00 | | | 20.03 |
| Sales Transaction | 05/29/2016 | 16:33 | I#549282 | | I | 3.00 | | | 17.03 |
| Sales Transaction | 05/30/2016 | 08:52 | I#549474 | | I | 10.00 | | | 7.03 |
| Sales Transaction | 05/31/2016 | 07:54 | I#549862 | | I | 7.00 | | | 0.03 |
| SmartDep. elizabeth | 05/31/2016 | 14:52 | B#316280 | 920095 | D | | 30.00 | | 30.03 |
| Sales Transaction | 06/01/2016 | 16:48 | I#550679 | | I | 3.00 | | | 27.03 |
| Sales Transaction | 06/02/2016 | 08:37 | I#550952 | | I | 1.00 | | | 26.03 |
| Sales Transaction | 06/03/2016 | 09:04 | I#551791 | | I | 26.01 | | | 0.02 |
| SmartDep. Shelly Seg | 06/03/2016 | 16:51 | B#317702 | 924107 | D | | 20.00 | | 20.02 |
| Sales Transaction | 06/04/2016 | 09:21 | I#552885 | | I | 20.00 | | | 0.02 |
| SmartDep. elizabeth | 06/10/2016 | 04:57 | B#319758 | 929477 | D | | 100.00 | | 100.02 |
| Sales Transaction | 06/10/2016 | 06:13 | I#555926 | | I | 10.00 | | | 90.02 |
| Sales Transaction | 06/10/2016 | 06:18 | I#555927 | | I | 5.00 | | | 85.02 |
| Sales Transaction | 06/10/2016 | 08:04 | I#556484 | | I | 51.50 | | | 33.52 |
| HAIRCUT DEBT | 06/10/2016 | 09:00 | B#319795 | 929574 | W | | | -14.00 | 19.52 |
| Sales Transaction | 06/10/2016 | 14:40 | I#556866 | | I | 19.29 | | | 0.23 |
| SmartDep. elizabeth | 06/11/2016 | 10:32 | B#320209 | 930741 | D | | 20.00 | | 20.23 |
| Sales Transaction | 06/11/2016 | 10:37 | I#557307 | | I | 20.00 | | | 0.23 |
| Sales Transaction | 06/14/2016 | 15:51 | I#558929 | | C | -4.80 | | | 5.03 |
| Sales Transaction | 06/15/2016 | 11:02 | I#559242 | | I | 3.00 | | | 2.03 |
| SmartDep. elizabeth | 06/15/2016 | 11:48 | B#321261 | 933451 | D | | 20.00 | | 22.03 |
| Sales Transaction | 06/15/2016 | 20:53 | I#559577 | | I | 10.00 | | | 12.03 |
| Sales Transaction | 06/17/2016 | 07:08 | I#560692 | | I | 7.46 | | | 4.57 |
| Sales Transaction | 06/17/2016 | 10:45 | I#560889 | | I | 4.35 | | | 0.22 |
| SmartDep. elizabeth | 06/24/2016 | 06:40 | B#324297 | 941399 | D | | 100.00 | | 100.22 |
| Sales Transaction | 06/24/2016 | 06:45 | I#564749 | | I | 33.00 | | | 67.22 |
| Sales Transaction | 06/24/2016 | 10:59 | I#565614 | | I | 54.80 | | | 12.42 |
| Sales Transaction | 06/26/2016 | 18:27 | I#566753 | | I | 1.00 | | | 11.42 |
| SmartDep. elizabeth | 06/27/2016 | 14:16 | B#325208 | 943647 | D | | 20.00 | | 31.42 |
| Sales Transaction | 06/29/2016 | 12:53 | I#568181 | | I | 2.00 | | | 29.42 |
| Sales Transaction | 06/29/2016 | 20:29 | I#568496 | | I | 1.00 | | | 28.42 |

## Account Activity Ledger

### From: 05/15/2016 To: 11/15/2016

Time : 14:31

| Comment | Trx Date | Time | Batch /Inv # | Trx # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|---|
| **ID** 78690 | **Name** BRUCE, CHRISTOPHER | | | **Block** N721 | | | **Previous Balance** | | 28.42 |
| Sales Transaction | 07/01/2016 | 10:54 | I#569773 | | I | 9.00 | | | 19.42 |
| Sales Transaction | 07/01/2016 | 13:25 | I#570189 | | I | 3.00 | | | 16.42 |
| Sales Transaction | 07/01/2016 | 15:08 | I#570250 | | I | 3.00 | | | 13.42 |
| SmartDep. elizabeth | 07/02/2016 | 08:46 | B#326854 | 948089 | D | | 60.00 | | 73.42 |
| Sales Transaction | 07/02/2016 | 08:53 | I#570563 | | I | 10.00 | | | 63.42 |
| Sales Transaction | 07/04/2016 | 00:05 | I#571530 | | I | -3.08 | | | 66.50 |
| Released 07/04/2016 | 07/04/2016 | 00:05 | B#327232 | 949004 | W | | | -66.50 | 0.00 |
| Imported Entry | 08/16/2016 | 14:11 | B#340560 | 983983 | D | | 0.00 | | 0.00 |
| SmartDep. elizabeth | 08/19/2016 | 07:01 | B#341540 | 986685 | D | | 30.00 | | 30.00 |
| INDIGENT POSTAGE DEB | 08/19/2016 | 07:01 | B#341540 | 986686 | W | | | -0.52 | 29.48 |
| Sales Transaction | 08/19/2016 | 08:27 | I#600596 | | I | 9.00 | | | 20.48 |
| Sales Transaction | 08/19/2016 | 13:18 | I#601030 | | I | 3.00 | | | 17.48 |
| Sales Transaction | 08/21/2016 | 09:08 | I#601793 | | I | 3.00 | | | 14.48 |
| SmartDep. elizabeth | 08/21/2016 | 15:59 | B#342207 | 988417 | D | | 30.00 | | 44.48 |
| Sales Transaction | 08/21/2016 | 16:28 | I#602018 | | I | 9.00 | | | 35.48 |
| Sales Transaction | 08/25/2016 | 16:36 | I#604008 | | I | 3.00 | | | 32.48 |
| Sales Transaction | 08/26/2016 | 07:41 | I#604730 | | I | 19.09 | | | 13.39 |
| Sales Transaction | 08/26/2016 | 12:31 | I#605207 | | I | 13.35 | | | 0.04 |
| SmartDep. elizabeth | 09/02/2016 | 05:01 | B#345758 | 997999 | D | | 20.00 | | 20.04 |
| Sales Transaction | 09/02/2016 | 06:14 | I#608443 | | I | 6.00 | | | 14.04 |
| Sales Transaction | 09/02/2016 | 08:51 | I#609025 | | I | 9.60 | | | 4.44 |
| Sales Transaction | 09/02/2016 | 12:05 | I#609302 | | I | 4.35 | | | 0.09 |
| SmartDep. elizabeth | 09/04/2016 | 17:16 | B#346442 | 999789 | D | | 30.00 | | 30.09 |
| Sales Transaction | 09/05/2016 | 19:09 | I#610993 | | I | 9.00 | | | 21.09 |
| Sales Transaction | 09/07/2016 | 14:04 | I#611793 | | I | 1.00 | | | 20.09 |
| Sales Transaction | 09/08/2016 | 21:21 | I#612638 | | I | 2.00 | | | 18.09 |
| Sales Transaction | 09/09/2016 | 11:28 | I#613548 | | I | 13.35 | | | 4.74 |
| Sales Transaction | 09/14/2016 | 12:58 | I#615910 | | I | 3.00 | | | 1.74 |
| Sales Transaction | 09/14/2016 | 15:52 | I#615999 | | I | 1.00 | | | 0.74 |
| SmartDep. elizabeth | 09/16/2016 | 04:54 | B#349874 | 1008943 | D | | 60.00 | | 60.74 |
| Sales Transaction | 09/16/2016 | 06:14 | I#616823 | | I | 5.00 | | | 55.74 |
| Sales Transaction | 09/16/2016 | 08:30 | I#617372 | | I | 34.21 | | | 21.53 |
| Sales Transaction | 09/16/2016 | 10:15 | I#617620 | | I | 21.46 | | | 0.07 |
| SmartDep. elizabeth | 09/17/2016 | 07:24 | B#350170 | 1009769 | D | | 20.00 | | 20.07 |
| Sales Transaction | 09/17/2016 | 08:07 | I#618150 | | I | 20.00 | | | 0.07 |
| SmartDep. elizabeth | 09/18/2016 | 23:34 | B#350539 | 1010623 | D | | 20.00 | | 20.07 |
| Sales Transaction | 09/19/2016 | 07:49 | I#619004 | | I | 6.00 | | | 14.07 |
| Sales Transaction | 09/22/2016 | 19:49 | I#620937 | | I | 1.00 | | | 13.07 |
| Sales Transaction | 09/23/2016 | 06:48 | I#621516 | | I | 8.72 | | | 4.35 |
| Sales Transaction | 09/23/2016 | 10:45 | I#621779 | | I | 4.35 | | | 0.00 |
| SmartDep. elizabeth | 09/27/2016 | 17:38 | B#353252 | 1017829 | D | | 20.00 | | 20.00 |
| Sales Transaction | 09/27/2016 | 17:51 | I#624079 | | I | 10.00 | | | 10.00 |
| Sales Transaction | 09/28/2016 | 20:40 | I#624629 | | I | 1.00 | | | 9.00 |
| SmartDep. elizabeth | 09/30/2016 | 04:58 | B#353918 | 1019533 | D | | 90.00 | | 99.00 |
| Sales Transaction | 09/30/2016 | 06:12 | I#625250 | | I | 20.00 | | | 79.00 |
| Sales Transaction | 09/30/2016 | 06:46 | I#625789 | | I | 51.30 | | | 27.70 |

## Account Activity Ledger

### From: 05/15/2016 To: 11/15/2016

| Comment | Trx Date | Time | Batch /Inv # | Trx # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|---|
| **ID** 78690 | **Name** BRUCE, CHRISTOPHER | | | **Block** N721 | | | **Previous Balance** | | 27.70 |
| NURSE VISIT 9/26/16 | 09/30/2016 | 10:23 | B#353995 | 1019760 | W | | | −5.00 | 22.70 |
| RX X1 9/26/16 | 09/30/2016 | 10:23 | B#353996 | 1019764 | W | | | −5.00 | 17.70 |
| Sales Transaction | 09/30/2016 | 10:51 | I#626089 | | I | 17.11 | | | 0.59 |
| SmartDep. elizabeth | 10/04/2016 | 20:48 | B#355443 | 1023615 | D | | 20.00 | | 20.59 |
| Sales Transaction | 10/04/2016 | 21:11 | I#628451 | | I | 9.00 | | | 11.59 |
| NURSE VISIT 10/4/16 | 10/05/2016 | 12:53 | B#355610 | 1024088 | W | | | −5.00 | 6.59 |
| RX X2 10/4/16 | 10/05/2016 | 12:54 | B#355611 | 1024092 | W | | | −6.59 | 0.00 |
| SmartDep. elizabeth | 10/06/2016 | 19:14 | B#356142 | 1025551 | D | | 20.00 | | 20.00 |
| RX X2 10/4/16 | 10/06/2016 | 19:14 | B#356142 | 1025552 | W | | | −3.41 | 16.59 |
| Sales Transaction | 10/06/2016 | 19:22 | I#629478 | | I | 1.00 | | | 15.59 |
| Sales Transaction | 10/07/2016 | 08:00 | I#630197 | | I | 2.08 | | | 13.51 |
| Sales Transaction | 10/07/2016 | 13:23 | I#630520 | | I | 4.35 | | | 9.16 |
| Sales Transaction | 10/07/2016 | 15:00 | I#630696 | | I | 9.13 | | | 0.03 |
| Sales Transaction | 10/08/2016 | 15:42 | I#631249 | | C | −0.82 | | | 0.85 |
| DDS VISIT 10/7/16 | 10/10/2016 | 10:05 | B#357009 | 1027718 | W | | | −0.85 | 0.00 |
| SmartDep. elizabeth | 10/14/2016 | 04:46 | B#358301 | 1031089 | D | | 80.00 | | 80.00 |
| DDS VISIT 10/7/16 | 10/14/2016 | 04:46 | B#358301 | 1031090 | W | | | −9.15 | 70.85 |
| Sales Transaction | 10/14/2016 | 06:13 | I#633939 | | I | 7.00 | | | 63.85 |
| Sales Transaction | 10/14/2016 | 08:09 | I#634515 | | I | 46.08 | | | 17.77 |
| Sales Transaction | 10/14/2016 | 10:20 | I#634838 | | I | 17.11 | | | 0.66 |
| SmartDep. elizabeth | 10/15/2016 | 06:51 | B#358605 | 1031911 | D | | 100.00 | | 100.66 |
| Sales Transaction | 10/15/2016 | 09:23 | I#635387 | | I | 10.00 | | | 90.66 |
| Sales Transaction | 10/15/2016 | 21:17 | I#635829 | | I | 10.00 | | | 80.66 |
| Sales Transaction | 10/16/2016 | 06:39 | I#635868 | | I | 1.00 | | | 79.66 |
| Sales Transaction | 10/19/2016 | 07:31 | I#637278 | | I | 4.00 | | | 75.66 |
| Sales Transaction | 10/20/2016 | 08:58 | I#637819 | | I | 3.00 | | | 72.66 |
| Sales Transaction | 10/21/2016 | 07:59 | I#638970 | | I | 3.42 | | | 69.24 |
| HAIRCUT DEBT | 10/21/2016 | 08:27 | B#360378 | 1036558 | W | | | −14.00 | 55.24 |
| Sales Transaction | 10/21/2016 | 10:43 | I#639265 | | I | 30.46 | | | 24.78 |
| Sales Transaction | 10/21/2016 | 16:05 | I#639494 | | I | 6.65 | | | 18.13 |
| Sales Transaction | 10/22/2016 | 09:09 | I#639716 | | I | 8.00 | | | 10.13 |
| Sales Transaction | 10/23/2016 | 20:48 | I#640464 | | I | 3.00 | | | 7.13 |
| Sales Transaction | 10/28/2016 | 09:03 | I#642863 | | I | 7.04 | | | 0.09 |
| SmartDep. elizabeth | 10/30/2016 | 08:32 | B#362847 | 1042927 | D | | 50.00 | | 50.09 |
| Sales Transaction | 10/30/2016 | 08:36 | I#644309 | | I | 5.00 | | | 45.09 |
| Sales Transaction | 11/03/2016 | 17:18 | I#646439 | | I | 1.00 | | | 44.09 |
| SmartDep. elizabeth | 11/03/2016 | 18:22 | B#364262 | 1046769 | D | | 40.00 | | 84.09 |
| Sales Transaction | 11/03/2016 | 18:40 | I#646507 | | I | 5.00 | | | 79.09 |
| Sales Transaction | 11/04/2016 | 08:09 | I#647185 | | I | 25.65 | | | 53.44 |
| Sales Transaction | 11/04/2016 | 10:16 | I#647495 | | I | 46.68 | | | 6.76 |
| Sales Transaction | 11/04/2016 | 13:39 | I#647636 | | I | 6.65 | | | 0.11 |
| Kiosk dep. BRUCE | 11/08/2016 | 09:53 | B#365373 | 1049663 | D | | 1.00 | | 1.11 |
| Sales Transaction | 11/08/2016 | 10:00 | I#649286 | | I | 1.00 | | | 0.11 |
| SmartDep. elizabeth | 11/10/2016 | 10:07 | B#366079 | 1051523 | D | | 90.00 | | 90.11 |
| Sales Transaction | 11/10/2016 | 14:33 | I#650360 | | I | 20.00 | | | 70.11 |
| Sales Transaction | 11/11/2016 | 07:18 | I#651162 | | I | 23.00 | | | 47.11 |

# Account Activity Ledger

### From: 05/15/2016 To: 11/15/2016

Time : 14:31

| Comment | Trx Date | Time | Batch /Inv # | Trx # | Trx Type | Invoice | Deposit | Withdrawal | Balance Forward |
|---|---|---|---|---|---|---|---|---|---|
| **ID** 78690 | **Name** BRUCE, CHRISTOPHER | | | **Block** N721 | | | **Previous Balance** | | 47.11 |
| Sales Transaction | 11/11/2016 | 10:29 | I#651548 | | I | 17.11 | | | 30.00 |
| Kiosk dep. BRUCE | 11/15/2016 | 09:53 | B#367290 | 1054631 | D | | 6.00 | | 36.00 |

| | | | |
|---|---|---|---|
| Deposits | 30 For | $ | 1,257.00 |
| Withdraws | 14 For | $ | -145.02 |
| Invoices | 96 For | $ | 1,076.21 |
| Savings Balance | | $ | 0.00 |
| Bond Balance | | $ | 0.00 |



NOV 2 9 2016

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

CHRISTOPHER BRUCE,

    Plaintiff,

v.

THE STATE OF IOWA,

    Defendant.

**No. 4:16-cv-00568–RGE**

**APPLICATION TO PROCEED
IN FORMA PAUPERIS**

I, _Christopher (bruce) The Living Man_, declare that I am the plaintiff in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay the full filing fee, I state that because of my poverty, I am unable to prepay the filing fee for this action; that I believe I am entitled to relief.

In further support of this application, I answer the following questions:

1. Where are you imprisoned?
   _The Polk County Jail_

2. When did you begin your imprisonment there?
   _January 20th, 2016_

3. When do you expect to be released?
   _December 30, 2016_

4. Are you presently receiving an allowance or wages from the prison or jail? If the answer is YES, state the amount of your allowance or wages per month.
   _No_

5. Have you received within the past 12 months any money from a business, profession or other type of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity, life insurance, gifts, inheritances, court award or settlement, or other sources? _no_ If YES, give the amount received and identify the sources:

6. What is the current balance in your prison account? _$.06_

7. Do you own cash, or do you have money in a checking or savings account, other than a prison account? _NO_ If YES, state the current balance:

8. Do you own any real estate, stocks, bonds, notes, vehicles, or other valuable property (you need not mention ordinary household and cell furnishings, such as radios, TV sets, stereo, books, etc., and personal clothing)? _NO_ If YES, describe the property and state its approximate value:

I hereby authorize officials of the institution where I am incarcerated to release my financial records to the court.  My identification number at this institution is:

ID  # 78690

I declare under penalty of perjury that I have read the foregoing and it is true, complete, and correct.

Signed this ___19th___ day of ___November___, 20_16_.

_____
(Signature of Plaintiff)

MICHAEL TARVIN
COMMISSION NO. 785391
MY COMMISSION EXPIRES
8-4-17
IOWA

Christopher (Bruce)
ID #78690, N411
785 NE 51st St. Pl.
Des Moines, IA 50313-2517

X-RAYED & CLEARED BY U.S.M.S.

Clerk of Federal Court
U.S. Courthouse
P.O. Box 9344
Des Moines, IA 50306-9344

Des Moines IA PROC
MON 28 NOV 2016