IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER BRUCE, and ELIZABETH BRUCE, <br><br>       Plaintiffs, <br><br> vs. <br><br> EMILY NIEMAN; KATIE GOSCH; STEPHANIE RHINEHART; ASHLEY ANDREWS; JUDGE WILLIAM A. PRICE; JUDGE ROBERT BLINK; JUDGE WILLIAM KELLY; JUDGE CAROL S. EGLY; MAGISTRATE ANASTASIA HURN; JOHN P. SARCONE; KEVIN J. BROWNELL; LINDA LANE; STEPHANIE BROWN; KEVIN BELL; ANTHONY REED; DALE MAYS; PAUL WHITE; RANDY OSBORN; JAKE LANCASTER; TOM MILLER; GRANT DUGDALE; KATHERINE MILLER-TODD; KATHERINE (BETH) WALKER; and CHARLES PALMER, <br><br>       Defendants.[1] | **No. 4:16-cv-00568–RGE** <br><br><br> **O R D E R** |

In a Prescreening Order, the Court directed Plaintiff Christopher Bruce to clarify whether he wished to treat his filings before the Court as an action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus; to submit an appropriate complaint or petition in this case that states the basis for jurisdiction and cause of action for his lawsuit, the relief he seeks from the Court, and the person or persons from whom he wants relief; and, if he wished to file a § 1983 complaint, to submit a properly supported request to proceed in forma pauperis. The Court warned Bruce that if he failed to comply with the Court's order, his case would be dismissed without prejudice. Order Nov. 10, 2016, at 4, ECF No. 5.

---

[1] The complaint received November 29, 2016, adds Elizabeth Bruce as a plaintiff, removes the State of Iowa as a defendant, and adds twenty-four persons as defendants. ECF Nos. 6, 9. The court has amended the caption to reflect these filings.

In response, Christopher Bruce and his wife, Elizabeth Bruce, filed a twenty-eight page complaint brought under § 1983, naming twenty-four Defendants. Compl. 5, ECF No. 6. Christopher Bruce also submitted a one-page caption of the case entitled, "Amended Complaint," signed by only him, that consists of just the caption listing the twenty-four newly named Defendants. ECF No. 9. He filed an application to proceed in forma pauperis, along with a copy of his inmate Account Activity Ledger, and a Certificate of Inmate Account and Assets signed by "Acct Tech 77632." ECF Nos. 7, 8. Most recently, Christopher Bruce asked that the fee and any payments toward it be waived because he is no longer a prisoner and he qualifies to proceed in forma pauperis. ECF Nos. 10, 11.

## I.   Filing Fee

The filing fee to begin a civil case in federal court is $350.00, plus an additional $50.00 administrative fee, for a total of $400.00. *See* 28 U.S.C. § 1914(a) & (b), Judicial Conference Schedule of Fees, Dist. Ct. Misc. Fee Schedule n.14 (eff. June 1, 2016). Elizabeth Bruce did not pay the filing fee or seek leave to proceed in forma pauperis. If a nonprisoner, like Elizabeth Bruce, cannot afford to pay the filing and administrative fees, she may seek permission to proceed in forma pauperis under 28 U.S.C. § 1915(a), which would allow her to proceed without prepayment of fees as follows:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). Because Elizabeth Bruce did not pay the filing fee or seek leave to proceed in forma pauperis, the Court will dismiss her lawsuit without prejudice for failure to comply with 28 U.S.C. §§ 1914 and 1915.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner, like Christopher Bruce was when he filed suit, is "required to pay the full amount of a filing fee" and, when funds exist, the court must collect an initial partial filing fee as calculated under the statute. *See* 28 U.S.C. § 1915(b)(1) (initial partial payment is 20 percent of the average monthly deposits or the average monthly balance for the 6 months before filing the complaint or appeal, whichever is greater). The statute also provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). The PLRA requires a prisoner to continue making payments toward the filing fee as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C § 1915(b)(2). Prisoners and nonprisoners who are permitted leave to proceed in forma pauperis do not have to pay the $50.00 administrative fee. *See* 28 U.S.C. § 1914(b), Judicial Conference Schedule of Fees, Dist. Ct. Misc. Fee Schedule n.14 (eff. June 1, 2016).

### A.      Christopher Bruce Is Responsible for the Full Filing Fee

Nonprisoner plaintiffs proceeding jointly in a civil action are required to pay only one filing fee. *See* 28 U.S.C. § 1914(a) (stating the clerk "shall require the parties instituting any civil action . . . to pay a filing fee of $350"). As this Court recently explained in a separate suit involving Christopher Bruce, under the PLRA, each plaintiff who is a prisoner must pay the full filing fee, even if there are multiple plaintiffs in the suit. *See Order, Bruce v. Roberts*, No. 4:16–cv–633–RGE, ECF No. 2 (S.D. Iowa Jan. 23, 2017); *see also* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). Because Bruce was a prisoner when he filed this suit, he is responsible

for the full filing fee regardless of whether Elizabeth Bruce is a party and allowed to proceed in forma pauperis.

### B.    Christopher Bruce Is Responsible for Amounts Due Under the PLRA

Nonprisoners who are granted leave to proceed in forma pauperis are not required to prepay the filing fee. 28 U.S.C. § 1915(a)(1). Under the PLRA, however, prisoners are "assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997). "The purpose of the Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) (per curiam).

The Court of Appeals for the Eighth Circuit has not specifically addressed whether or how released prisoners must pay amounts that accrued under the PLRA when they were inmates. There is a split among the circuits that have addressed it. The Seventh, Fifth, Third, and District of Columbia Circuits take a snapshot of what the prisoner owed upon release and require the prisoner to pay it.[2] *See Drayer v. Attorney Gen.*, 81 F. App'x 429, 431 (3d Cir. 2003) (unpublished) (per curiam); *Gay v. Texas Dep't of Corr.*, 117 F.3d 240, 242 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1252 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–98 (7th Cir. 1997). In *Robbins*, the Seventh Circuit required a released prisoner to pay the initial partial filing fee owed under § 1915(b)(1) unless, at the time the PLRA amount was calculated, the prisoner was not required to pay under § 1915(b)(4). 104 F.3d at 897–98. The PLRA's effectiveness would be eroded, the court

---

[2] The Tenth Circuit ruled the former prisoner owed the amount calculated under the PLRA, but the prisoner's failure to pay it while incarcerated was not his fault, and "[i]n light of the unusual circumstances," the court of appeals directed the district court on remand to exercise its discretion to determine the amount outstanding under the PLRA and the repayment terms. *Brown v. Eppler*, 725 F.3d 1221, 1231 (10th Cir. 2013).

explained, if a prisoner could file suit, spend down funds, "and plead poverty once released." *Id.* at 899. In contrast, the Sixth, Fourth, and Second Circuits impose the PLRA on a prisoner only when he or she is in prison, and after the prisoner is released, the "obligation to pay fees is to be determined, like any non-prisoner, solely by whether he qualifies for [in forma pauperis] status." *McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir. 1996); *see DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2003) (adopting *McGann*); *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997) (same), *overruled on other grounds as recognized by Gunther v. Castineta*, 561 F. App'x 497, 499 (6th Cir. 2014) (unpublished). This approach reflects the position that "it is not likely that Congress intended to achieve a result that would be more onerous to released prisoners than to those who remain incarcerated." *DeBlasio*, 315 F.3d at 399.

This Court concludes the approach in *Robbins* better implements the purpose of the PLRA and closes a loophole that would otherwise allow prisoners to avoid paying the filing fee. Such an approach is also in keeping with an unpublished ruling by the Court of Appeals for the Eighth Circuit that a prisoner's unexcused failure to keep sufficient funds in an inmate account to pay the initial filing fee would be grounds for dismissing the case without prejudice. *See Sims v. Davis*, 589 F. App'x 813, 813 (8th Cir. 2015) (unpublished) (per curiam). In *Sims*, the Eighth Circuit held the lower court "abused its discretion by dismissing the case without first determining whether Sims's failure to pay by the court's deadline was caused by prison officials' failure to adhere to his request to remit payment using funds from his account, which would excuse his failure to pay within the time ordered by the court, or by Sims's failure to leave sufficient funds in the account to timely pay the initial filing fee, which would not." *Id.* (citing *George v. Tucker*, 570 F. App'x 629 (8th Cir. 2014) (unpublished) (per curiam)).

Consequently, Christopher Bruce is obliged to pay the amount he owes under the PLRA. According to the financial information Christopher Bruce provided to the Court, his initial partial filing fee under § 1915(b)(1) is $41.90. Pl.'s Certificate, ECF No. 8. Under § 1915(b)(4), however,

if Christopher Bruce "has no assets and no means by which to pay the initial partial filing fee," the Court cannot prohibit him from bringing his suit. Because Christopher Bruce had only $36.00 in his inmate account at the time his initial partial filing fee was calculated, the Court determines that he must pay only $36.00 as an initial partial filing fee.

### C.     The PLRA Does Not Apply to Remaining Amounts Owed After Release

As for the remaining $314.00 of the filing fee, the circuits that have addressed the question have ruled—though based on different rationales—"that a prisoner who is current on his payments and who is released before paying the entire filing fee does not have to pay the remaining balance immediately. Rather, these courts have allowed a released prisoner to apply to proceed under the general in forma pauperis provisions of § 1915(a)(1)." *DeBlasio,* 315 F.3d at 398–99 (listing cases); *see also Brown v. Eppler*, 725 F.3d 1221, 1230 n.7 (10th Cir. 2013) ("Assuming he is still eligible, § 1915(a) applies once again.") (citing *DeBlasio*, 315 F.3d at 399); *Drayer*, 81 F. App'x at 431 (after release, inmate may file "a proper motion to proceed [in forma pauperis] with regard to his inability to pay that remaining amount" not due immediately under the PLRA). This Court adopts this approach. Consequently, if Christopher Bruce had filed an application to proceed in forma pauperis under § 1915(a), the Court would have considered whether he should be granted leave to proceed in forma pauperis as a nonprisoner regarding the remaining $314.00. Christopher Bruce did not file such a motion or pay the remaining filing fee he owes. The Court can dismiss his lawsuit on that ground, alone.

## II.     Christopher Bruce's Amended Complaint Does Not Comply with the Court's Order

The Court explained in its Prescreening Order that federal courts have limited jurisdiction, and the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money from a defendant who is immune from relief. Order at 2–3, ECF No. 5 (Nov. 10, 2016); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court

directed Christopher Bruce to file an appropriate complaint or petition stating the basis for jurisdiction, requested relief, and persons from whom he wants relief. The Court warned that failure to amend as directed would result in dismissal of the suit without prejudice for failure to prosecute and comply with the Court's order. ECF No. 5 at 4.

Christopher Bruce's most recent Complaint does not comply with the Court's prior order. The Court previously explained it cannot, contrary to Christopher Bruce's requested relief, initiate criminal proceedings. *Id.* at 3. Yet Bruce's recent Complaint again asks for "the maximum sentence allowed by law and restitution." ECF No. 6 at 23–26. Christopher Bruce asks the Court to "investigate this matter," *id.* at 27, which is also beyond the authority given to courts. Bruce asks the Court to overturn decisions by the Iowa state courts, *id.*, but, as the Court explained, such relief must be pursued through a petition for habeas corpus. ECF No. 5 at 3. The Court pointed out that the only named defendant was the State of Iowa, which is immune from suit. *Id.* at 3–4. In the most recent Complaint, Christopher Bruce abandoned the State of Iowa as a defendant, but he added numerous other persons who likely are also immune from suit or damages. *E.g.*, *Schottel v. Young*, 687 F.3d 370, 373–74 (8th Cir. 2012) (judicial immunity); *Polk Cty. v. Dodson*, 454 U.S. 312, 324–25 (1981) (criminal defense counsel cannot be sued under § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 425, 427 (1976) (prosecutorial immunity); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 275–77 (1993) (qualified immunity for certain prosecutorial acts). The Court previously questioned whether Bruce might be alleging a claim of conspiracy, ECF No. 5 at 3, but his most recent Complaint makes conclusory comments about a "conspiracy" without identifying a particular legal basis for a cause of action. In any event, conclusory allegations are not enough to show the "meeting of minds" required to establish a conspiracy claim. *See Barstad v. Murray Cty.*, 420 F.3d 880, 887 (8th Cir. 2005) ("A conspiracy claim requires evidence of specific facts that

show a 'meeting of minds' among conspirators."). The recent Complaint alleges the defendants failed to follow various laws of the State of Iowa, but a violation of state law, alone, is not a basis for a federal lawsuit. *See Bagley v. Rogerson*, 5 F.3d 325, 329 (8th Cir. 1993) ("'A violation of state law, without more, is not the equivalent of a violation of the Fourteenth Amendment.'" (quoting *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir. 1990)). Finally, the lengthy Complaint does not comply with Federal Rule of Civil Procedure 8(a), which requires the pleading be "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

For all these reasons, the Court concludes the most recent Complaint does not comply with the Court's order to file an appropriate Complaint, and it must be dismissed without prejudice for failure to comply with the Court's prior order. ECF No. 5 at 4; Fed. R. Civ. P. 41(b). The dismissal is without prejudice, which means it does not preclude another suit, but the Court advises Christopher Bruce that any new suit must be accompanied by the $36.00 filing fee currently owed and, if he cannot pay the filing fee for the new suit, he must submit an appropriate application to proceed in forma pauperis. In addition, any new lawsuit must comply with applicable federal law, including the Federal Rules of Civil Procedure and the Local Rules of this Court.

## III.  Conclusion

The Court **dismisses** without prejudice the suit by Elizabeth Bruce for failure to pay the filing fee or seek leave to proceed in forma pauperis.

The Court **grants** Christopher Bruce's request for leave to proceed in forma pauperis under the PLRA. ECF Nos. 2, 7. The Court **denies** his request to waive the fees due under the PLRA. ECF No. 11. Christopher Bruce must pay the initial partial filing fee of $36.00, as required by the PLRA.  Because Christopher Bruce did not pay the filing fee or submit an application to proceed in forma pauperis for the remaining $314.00 owed, the Court **dismisses** his suit without prejudice.

In addition, the Court **dismisses** his suit without prejudice because he failed to comply with the Court's prior order. *See* Fed. R. Civ. P. 41(b); *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

**IT IS SO ORDERED.**

Dated this **13th** day of March, 2017.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE